941 F.2d 1209
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Karen Sue JEWELL, Plaintiff-Appellant,
v.
OHIO STATE UNIVERSITY, Manning Marable, individually and as
chairperson of the Department of Black Studies,
Defendants-Appellees.
 No. 91-3048.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an employment discrimination case brought under Title VII of the Civil Rights Act, 42 U.S.C. § 1983, the Equal Pay Act, and state law. Karen Sue Jewell, a pro se Ohio litigant, appeals the district court's orders granting defendants' motion for summary judgment, and defendants' motion to dismiss under Fed.R.Civ.P. 41(b), made at the close of plaintiff's case on November 27, 1990. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed this action against Ohio State University (OSU), a former chairman of OSU's Black Studies Department and John Doe(s). Plaintiff asserted various claims against defendants in connection with her award of tenure as an assistant professor. Plaintiff contended that defendants acted unlawfully by failing to recommend plaintiff for tenure and promotion to associate professor in the 1987-88 academic year. Specifically, plaintiff set forth seven separate counts. In Count One, plaintiff claimed that she was discriminated against by defendants on the basis of gender in violation of Title VII of the Civil Rights Act of 1964. See 42 U.S.C. § 2000e-5. In Count Two, plaintiff alleged that similarly situated males within the Black Studies Department received higher salaries than she in violation of Title VII and the Equal Pay Act. See 28 U.S.C. § 206(d). In Count Three, plaintiff alleged the existence and breach of an implied contract of employment and of a covenant of good faith and fair dealing. In Count Four, plaintiff claimed that she was constructively discharged from employment at OSU in violation of Title VII. In Count Five, plaintiff alleged that defendants' actions intentionally and/or negligently caused her to suffer emotional distress. Count Six contained allegations of a violation of plaintiff's purported due process rights under unspecified laws of the State of Ohio and the United States, including the fifth and fourteenth amendments to the United States Constitution. Count Seven stated a claim for tortious interference with contract.
 
 
 3
 On October 26, 1990, defendants filed a motion for summary judgment. On November 20, 1990, the district court granted the motion for summary judgment on all of plaintiff's claims with the exception of her Title VII claim of discriminatory failure to promote. This matter proceeded to trial on November 26, 1990.
 
 
 4
 On November 28, 1990, the district court entered its order granting defendants' motion for summary judgment. On that same date, the court entered its Findings of Fact and Conclusions of Law and Judgment as to plaintiff's Title VII claim of a discriminatory failure to promote. The court ruled that plaintiff failed to establish a prima facie case of Title VII gender discrimination and that defendants presented legitimate, non-discriminatory reasons for plaintiff's denial of promotion.
 
 
 5
 Plaintiff reasserts her claims on appeal and further argues that the district court abused its discretion in denying her motion to take deposition and her motion to disqualify District Court Judge Graham.
 
 
 6
 It was not a clear abuse of discretion for the district court to disallow the depositions of the three OSU employees, scheduled by plaintiff to commence approximately one month before trial and after the close of a revised discovery deadline. The district court acted well within its discretion in denying plaintiff's motion to take deposition. See City of Mount Clemens v. United States Envtl. Protection Agency, 917 F.2d 908, 914 (6th Cir.1990) (citing Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir.), cert. denied, 454 U.S. 893 (1981)).
 
 
 7
 The district court did not abuse its discretion in denying plaintiff's motion to disqualify Judge Graham. See Wheeler v. Southland Corp., 875 F.2d 1246, 1251 (6th Cir.1989) (citing In re City of Detroit, 828 F.2d 1160, 1166 (6th Cir.1987)). Each of plaintiff's allegations concerned matters upon which Judge Graham ruled in connection with her case. Her argument before the district court was that Judge Graham made rulings against her; therefore, he was biased. However, a judge's adverse rulings against a party do not render him biased and do not warrant recusal. Judge Graham's rulings were based upon what he learned from his participation in plaintiff's case. See Id. Accordingly, Judge Graham did not abuse his discretion in denying plaintiff's motion to disqualify. The plaintiff's argument concerning Judge Graham's status as an OSU alumni was not raised in the district court and will not be considered on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 8
 Upon consideration, we conclude that the district court properly entered summary judgment for the reasons stated in its thorough memorandum opinion and order dated November 28, 1990.
 
 
 9
 As to the discriminatory failure to promote claim, the district court determined that there was simply no evidence of discriminatory failure to promote. Holding that plaintiff had failed to carry her burden of persuasion, the district court dismissed the discriminatory failure to promote claim.
 
 
 10
 In order to set aside the district court's findings of fact in a bench trial, a reviewing court must find that such determinations are "clearly erroneous." "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." See United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). This standard applies to Title VII determinations of discriminatory intent. See Fields v. Bolger, 723 F.2d 1216 (6th Cir.1984). In this case, we are unable to conclude that the district court's determinations are clearly erroneous.
 
 
 11
 Accordingly, the district court's order granting defendants' motion for summary judgment and the order dismissing plaintiff's discriminatory failure to promote claim are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.